

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-25-2006

# Patterson v. GlaxoSmithKline

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5550

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Patterson v. GlaxoSmithKline" (2006). *2006 Decisions*. Paper 299.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/299

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5550
_____

AUGUSTUS C. PATTERSON,
                                        Appellant

v.

GLAXOSMITHKLINE PHARMACEUTICAL COMPANY;
GEORGE HANNUM; MICHAEL MANACCHIO
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-04202)
District Judge: Honorable R. Barclay Surrick
_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2006
Before: SLOVITER, SMITH and VANANTWERPEN*, <u>Circuit Judges</u>.

(Filed October 25, 2006)
_____

OPINION
_____

PER CURIAM,

       Appellant, Augustus Patterson, appeals the District Court's order denying a post-

judgment motion filed in a case previously dismissed upon settlement under Local Rule

_____

*The Honorable Franklin S. Van Antwerpen assumed senior status on October 23, 2006.

41.1(b) of the United States District Court Rules for the Eastern District of Pennsylvania. For the reasons that follow, we will affirm the District Court's order in part and remand the matter for further proceedings.

Patterson initially filed the underlying complaint alleging race discrimination in the District Court in a pro se capacity against "GlaxoSmithKline Pharmaceutical Company." Attorney Reginald Allen thereafter entered an appearance on Patterson's behalf, and filed an amended complaint naming two of Patterson's supervisors as defendants and asserting claims based on a racially hostile work environment, racially disparate treatment and harassment, retaliation and various Pennsylvania state law torts. After discovery had concluded, appellees filed a motion for summary judgment. While appellees' motion for summary judgment was pending, the parties pursued the possibility of settlement. Although no agreement was reached during a settlement conference conducted before the District Court on July 8, 2005, negotiations apparently continued and resulted in the parties' agreement to settle the case on August 31, 2005. Appellees' counsel promptly notified the court of the settlement, and the District Court entered an order on September 1, 2005 dismissing the action with prejudice pursuant to Local Rule 41.1(b).

On December 6, 2005, Patterson filed with the District Court a pro se "Motion to Formally Remove Petitioner's Attorney from Case #04 CV 4202, Sanction Petitioner's Attorney, Allow Pro Se or Substitute Representation and Rule on Relief Requested Herein." As the caption suggests, Patterson's motion contained a request that the District

2

Court remove Attorney Allen from the case and allow Patterson to either represent himself or to obtain "alternative representation" so that, presumably, he could pursue his "pro se counter proposal" with counsel for appellees. Patterson also included in this motion criticisms of his attorney's performance during the taking of depositions, as well as allegations that Attorney Allen failed to provide him with relevant information and details regarding the proposed settlement agreement. Patterson alleged that, although he had learned on September 19, 2005 that the case had been dismissed, he did not learn of the actual contents of the settlement agreement until December 1, 2005, when he received a letter from appellees' attorney dated November 28, 2005 enclosing a copy of the agreement. Patterson requested an expedited response on the motion, apparently believing that such action was required in order for him to file an application for workers' compensation with the Commonwealth of Pennsylvania Department of Labor and Industry Bureau of Workers' Compensation.

In a one sentence Order entered on December 9, 2005, the District Court denied Patterson's motion given the court's dismissal of the action pursuant to Local Rule 41.1(b) three months earlier. Patterson appeals that decision, and basically argues that fraudulent conduct on the part of Attorney Allen warrants the reopening of proceedings and submission of this case to a jury. Appellees, on the other hand, contend that the District Court acted within its discretion in denying Patterson's motion to remove Attorney Allen given the fact that the court had dismissed the action with prejudice three months prior to the filing of appellant's motion. Appellees further argue that, even if

3

Patterson's motion were liberally construed as a motion seeking to set aside the order of dismissal, it was untimely filed under Local Rule 41.1(b). Finally, if construed as a motion filed pursuant to one of the provisions of Fed. R. Civ. P. 60(b), appellees argue that such relief is not warranted given Patterson's delay in filing the motion and given his actions in attempting to "strategically" renegotiate the settlement agreement with opposing counsel so as to avoid the contingency fee payment obligations owed his attorney.

We can find no abuse of discretion on the part of the District Court in denying Patterson's post-judgment motion to the extent Patterson sought to remove his attorney so that he could pursue the matter in a pro se capacity or seek the assistance of another attorney given the court's entry of an order on August 31, 2005 dismissing the case with prejudice. Likewise, to the extent Patterson's motion sought to set aside the order of dismissal under Local Rule 41.1(b), it was indeed untimely filed. Accordingly, we will affirm the District Court's order in that respect without further discussion.

However, affording Patterson's pro se filing the liberal construction required by Haines v. Kerner, 404 U.S. 519, 520 (1972), appellant's motion could also be construed as one filed pursuant to Fed. R. Civ. P. 60(b). Appellees argue that, even if so construed, we should affirm the District Court's order denying Patterson's motion because he does not merit relief under any of the subsections of Rule 60(b). We decline appellees' invitation. In light of the District Court's very summary order of dismissal, we cannot say that Patterson's motion was given consideration by the District Court as a motion filed

4

pursuant to Fed. R. Civ. P. 60(b). Moreover, although appellees argue that Patterson's delay of two or three months in seeking relief under Rule 60(b) was an unreasonable one, we conclude that this is a consideration best addressed by the District Court in the first instance. See, e.g., Lasky v. Continental Products Corp., 804 F.2d 250, 255 (3d Cir. 1986) (while a District Court judge may consider the expiration of the Local Rule's 90-day limitation period, the "reasonable time" provision of Rule 60(b) controls the determination of whether appellant's motion was timely filed).

Accordingly, we will affirm the judgment of the District Court in part and remand the matter for further proceedings. Appellees' motion to seal the settlement agreement attached to appellant's informal brief and for leave to file Volume II of the Supplemental Appendix under seal is granted.